# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **KRISTINA WHITE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **BRUMBAUGH & QUANDAHL,** | ) | |
| **P.C. L.L.O.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES the Plaintiff, KRISTINA WHITE, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, BRUMBAUGH & QUANDAHL, P.C. L.L.O., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1.       This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2.       Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.       Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4.       KRISTINA WHITE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Omaha, County of Douglas, State of Nebraska.

5.       The debt that Plaintiff was allegedly obligated to pay was incurred for Plaintiff's personal use and/or household expenditure (hereinafter "the Debt").

6.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.      BRUMBAUGH & QUANDAHL, P.C. L.L.O., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Nebraska.  Defendant is incorporated in the State of Nebraska.

8.      The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9.      Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10.      During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11.      At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12.      At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   ALLEGATIONS

13.      In or around June 2012, and on multiple occasions therein, Defendant initiated telephone calls to Plaintiff in an attempt to collect the Debt.

14.      During the course of the aforesaid time period, on multiple occasions, Defendant left voicemail messages for Plaintiff in an attempt to collect the Debt.

15.     During the course of the aforesaid time period, at the time Defendant left a voicemail message for Plaintiff in an attempt to collect the Debt, Defendant failed to inform Plaintiff it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

16.     During the course of the aforesaid time period, at the time Defendant left a voicemail message for Plaintiff in an attempt to collect the Debt, Defendant's duly authorized representative failed to provide Plaintiff with information relative to her individual identity.

17.     In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

> a.  Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);
>
> b.  Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11); and,
>
> c.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

18.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.      JURY DEMAND

19.     Plaintiff hereby demands a trial by jury on all issues so triable.

20.     The Plaintiff, KRISTINA WHITE, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and pursuant to Nebraska Civil Rule 40.1(b), hereby respectfully requests that the trial of this matter proceed in either Omaha or Lincoln.

**VI.**    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, KRISTINA WHITE, by and through her attorneys, respectfully prays for judgment as follows:

        a.      All actual compensatory damages suffered;

        b.      Statutory damages of $1,000.00;

        c.      Plaintiff's attorneys' fees and costs;

        d.      Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**KRISTINA WHITE**


By:   s/ David M. Marco
           Attorney for Plaintiff

Dated: July 19, 2012

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us

4